IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD LEE CLEMMONS,

    Plaintiff,

v.

                                                Case No. 15-3045-JTM

RAYMOND ROBERTS, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Edward Lee Clemmons, a Kansas inmate confined in a correctional facility in Illinois, presents a civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1) and an application to proceed in forma pauperis ("ifp") under 28 U.S.C. § 1915. (Dkt. 2). Mr. Clemmons seeks monetary compensation and declaratory relief on his claims for: 1) atypical segregation due to his indefinite, out-of-state placement in Illinois, and 2) deliberate indifference to his medical needs based on the denial of his request for right-hip replacement surgery. Because Mr. Clemmons is a three-strikes litigant and he has not alleged facts sufficient to demonstrate that he is under imminent danger of serious physical injury, the court denies his application for ifp status.

28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records in the District of Kansas reflect that Mr. Clemmons has filed over 30 civil rights cases in this court alone since 1990, and that at least three (3) of those cases were dismissed as frivolous or for failing to state a claim for relief. *See Clemmons v. Butler*, Case No. 91-3010-DES (D. Kan. Jan. 16. 1991) (order dismissing § 1983 action as frivolous); *Clemmons v. Nelson*, D.Kan. 95-3114-DES (D. Kan. July 25, 1995) (same); and *Clemmons v. Wilson*, Case No. 95-3095-DES (D. Kan. Aug. 25, 1995) (same). Accordingly, the court designates Mr. Clemmons as a three-strikes litigant. *See Clemmons v. Nelson*, Case No. 96-3511-GTV (D. Kan. Dec. 16, 1997) (order denying ifp pursuant to 3-strikes rule).

Mr. Clemmons alleges that "[he is] in imminent danger of falling and suffering further injuries" (Dkt. 1 at 46) without the right-hip replacement to relieve his osteoarthritis. He further alleges that "prolong[ed] use of medications for pain have side effects that can damage [his] liver, bladder and kidneys." (*Id.* at 43).[1] Even if true, the court finds that Mr. Clemmons has not alleged facts sufficient to demonstrate that he is under imminent danger of serious physical injury.

To satisfy the "imminent danger" exception in § 1915(g), a complainant must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Fuller v. Wilcox*, 288 Fed.Appx. 509, 511 (10th Cir. 2008) (*quoting Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (internal quotation marks omitted). The danger must be imminent at the time the complaint or appeal is filed. *Id.* at 312. "Practices that 'may prove detrimental . . . over time,' such as poor care for arthritis, also 'do not represent

---

[1] Because Mr. Clemmons did not consistently paginate the complaint, page number references to Dkt. 1 are to the PDF page numbers as they appear in the court's record. Thus, the reference to "Dkt. 1 at 43" refers to page 43 of the 59-page PDF document.

imminent dangers,' as the harm is not 'about to occur at any moment.'" *Brown v. Lyons*, 977 F. Supp. 2d 475, 483 (E.D. Pa. 2013) (internal citations omitted).

Mr. Clemmons filed this action approximately ten months after the right-hip surgery denial, which is contraindicative of imminent danger. Additionally, even the doctor who referred Mr. Clemmons for right-hip surgery indicated that the procedure was not urgent. (Dkt. 1 at 50, Medical Special Services Referral and Report dated 5/6/2014.). For these reasons, the court finds that the right-hip surgery denial did not place Mr. Clemmons in imminent danger of serious physical injury. *See Althouse v. Roe*, 542 F.Supp.2d 543, 574 (E.D. Tex. 2008) (Stating that, while surgery to repair prisoner's broken collarbone may "be desirable," the failure to conduct surgery does not result in a "genuine emergency where time is pressing or an imminent harm, occurring at the time of the filing of the complaint"); *Adamson v. Collins*, No. 08CV404, 2008 WL 4525144 *5 (N.D. Fla. 2008) (denial of medical treatment for prisoner's arthritis and bursitis is insufficient to demonstrate "imminent danger"); *Garland v. Broward Cty. Courthouse*, No. 09-61359-CIV-SEITZ, 2009 WL 3595131, at *1 (S.D. Fla. Oct. 30, 2009) (knee ailments and purported mental abuse did not constitute an imminent threat of physical injury). Accordingly, the imminent danger exception does not apply. Mr. Clemmons may proceed in this action only if he pays the $ 400.00 district court filing fee.

**IT IS THEREFORE ORDERED** that Mr. Clemmons' application to proceed in forma pauperis (Dkt. 2) is **DENIED**. The court grants Mr. Clemmons thirty (30) days from the date of

this Order to submit the $ 400.00 filing fee. Failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED** this 2nd day of May 2016.

s/ J. Thomas Marten  
J. THOMAS MARTEN, Judge